IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION | : : : | CIVIL ACTION NO. 05-666 |
| THIS DOCUMENT RELATES TO: | : : : | |
| INDIRECT PURCHASER ACTIONS | : | MDL DOCKET NO. 1682 |

FINAL ORDER AND JUDGMENT

AND NOW, this 6th day of December, 2010, upon consideration of the motion for final approval of the proposed settlement between plaintiffs and all defendants (docket no. 713), specifically Solvay S.A., Solvay America, Inc., and Solvay Chemicals, Inc., Evonik Degussa Corporation and Evonik Degussa GmbH, EKA Chemicals, Inc., Akzo Nobel, Inc. and Akzo Nobel Chemicals International B.V., FMC Corporation, Kemira Chemicals, Inc. and Kemira Oyj, and Arkema Inc. (f/k/a/ Atofina Chemicals, Inc.) ("Defendants"), and plaintiffs having executed and filed a Settlement Agreement and Release ("Agreement") (the recitals and definitions of which are incorporated by reference herein), the Court having heretofore entered an Order preliminarily approving the proposed Agreement, which conditionally certified the Settlement Classes, directed the dissemination of first class mail and publication notice to the Settlement classes, and scheduled a

hearing to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, and said notice having been given and a hearing having convened on December 3, 2010, at which all interested persons were given an opportunity to be heard, and the Court having read and considered all submissions filed in connection with the proposed Settlement, and having reviewed and considered the record herein, and the Court finding that:

(a)   This Court has jurisdiction over the subject matter of this lawsuit and all parties to the lawsuit;

(b)   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of the proposed Settlement Classes is appropriate in that for purposes of this Settlement: (i) the Settlement Class Members are so numerous that joinder of all members thereof would be impractical; (ii) there is a commonality of interests between the named Plaintiffs and Settlement Class Members; (iii) there are questions of law and fact which are common to the Settlement Classes and those common questions of law and fact predominate over any questions affecting only individual Settlement Class Members; (iv) the plaintiffs' claims are typical of the claims of the Settlement Class Members; (v) the plaintiffs will fairly and adequately represent the interests of the Settlement Class Members; and (vi) a class action is the best means

for protecting the interests of all of the Settlement Class Members and is superior to all other available methods for the fair and efficient adjudication of this controversy;

(c)    Counsel for the Settlement Classes are adequate, qualified, experienced and competent to conduct this litigation and to protect the interests of the Settlement Classes, and have, in fact, adequately represented the interests of the Settlement Classes;

(d)    Notice given to Members of the Settlement Classes[1] was the best notice that was practicable under the circumstances and was reasonably calculated to inform members of the Settlement Classes of (i) the pendency of the class action, (ii) all material elements of the proposed Agreement, and (iii) the opportunity to exclude themselves from, object to, or comment on the Agreement and to appear at the Fairness Hearing, and such Notice was due, adequate, and sufficient, and complied fully with applicable law, due process, and other rules, and a full opportunity has been afforded to Settlement Class Members to participate in the Fairness

---

[1] Detailed at length in ¶¶ 3-9 of the Decl. of Markham Sherwood, dated Nov. 18, 2010 (hereinafter "Sherwood Decl."), attached as Ex. 3 to Mem. in Supp. of the Mot. for Final Approval.  Class Counsel reported at the December 3 hearing that as of the previous day Mr. Sherwood conveyed that the number of objectors remains zero.

Hearing, and all Settlement Class Members and any other persons wishing to be heard have been heard;

(e)    All Settlement Class Members who have not validly requested exclusion from the Settlement Classes are bound by this Order and by the incorporated Agreement;[2]

(f)    The Agreement and the fact of settlement do not constitute an admission by the Defendants, nor is this Order a finding of the validity of any claims in this lawsuit or of any wrongdoing by the Defendants and neither this Order, the Agreement, nor any document referred to herein nor any action taken to implement the Agreement are, may be construed as, or may be used as, an admission by or against the Defendants or any Settlement Class Members of any fault, wrongdoing or liability whatsoever and entering into or implementing the Agreement and any negotiations or proceedings relating thereto shall not in any event be construed

---

[2] It should be noted that only two putative class members have requested exclusion, but only because, in the words of the City of San Carlos, California's Public Works Director, that municipality "did not directly or indirectly purchase hydrogen peroxide in the [class] period." Ltr. of Oct. 27, 2010 from Robert Weil, P.E. to Gilardi & Co. LLC, attached as Ex. C to Sherwood Decl. In the event that others may elect to exclude themselves, Class Counsel shall file with the Clerk of the Court a record of putative members of the Settlement Classes who timely and validly excluded themselves from the Classes and shall provide a copy of the record to counsel for each Defendant.

as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Defendants, and shall not be offered or received in evidence in any action or proceeding in any court, administrative agency, or other tribunal for any purpose other than to (i) enforce the provisions of this Order, the Agreement, or any related Agreement or release; or (ii) to support a related defense of res judicata, collateral estoppel, release or other theory of issue preclusion or similar defense; and

(g)    The agreements embodied in the Settlement Agreement and Release with the Defendants are fair, reasonable and adequate, in all respects,[3]

it is hereby ORDERED that:

1.    The motion is GRANTED;

2.    The Plaintiffs and the Defendants are hereby DIRECTED to consummate the Agreement and perform its terms;

---

[3] There is no need to belabor a canvass of the nine factors our Court of Appeals specified in Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975) and its jurisprudence thereafter. The risks of litigation were palpable and realized in this very MDL, see In Re Hydrogen Peroxide, 553 F.3d 305, 327 (3d Cir. 2008), and there was absolutely no certainty of recovery by any plaintiff, direct or indirect purchaser. Many -- perhaps most -- of the class members in these six classes are highly sophisticated, and up through December 2, 2010 not one objected to any aspect of the settlement at issue herein. There is thus no basis under the governing jurisprudence for questioning the fairness, reasonableness and adequacy of this settlement.

3.    The case is DISMISSED WITH PREJUDICE and without costs with respect to the Defendants (other than as set forth in the Agreement) and the approval of the Agreement and entry of this Order fully and without reservation releases and forever discharges the Defendants, individually and collectively, from any and all manner of claims, actions, suits, liabilities, damages (whether compensatory, punitive or otherwise), and rights and causes of action, known or unknown, whether in law or equity, that any Plaintiff or any Settlement Class Member now has or has ever had based upon the matters alleged (or which could have been alleged) in the Complaints in this lawsuit;

4.    Each Settlement Class Member hereby covenants and agrees that he, she or it shall not hereafter seek, and each hereby is ENJOINED from seeking, to establish liability against the Defendants based in whole or in part upon any of the Released Claims and Class Counsel shall promptly FILE a stipulation of dismissal with prejudice and without costs of the California Litigation in the appropriate court of that State;

5.    Without affecting the finality of this Order, the Court RESERVES exclusive jurisdiction over: (a) the Notice and the Escrow Account; (b) the Agreement; (c) all matters relating to the allocation and distribution of the Settlement Fund; and (d) all

other matters relating to the implementation and enforcement of the Agreement, and

6.    There being no just reason for delay, the Court expressly directs the Clerk of the Court to ENTER this Order, and hereby decrees that upon entry, it be deemed as a FINAL JUDGMENT and appealable with respect to all claims by Settlement Class Members against the Defendants, in accordance with the terms of the Agreement.

BY THE COURT:

Stewart Dalzell, J.